## CHICAGO, R. I. & P. R. CO. v. BURKE.

No. 10064—Opinion Filed May 31, 1921.

(Syllabus.)

**1. Carriers — Authority of Claim Agent— Settlement for Damages.**

The claim agent of a railway company has authority to make settlement on claims for damages against his company.

**2. Same—Settlement With Consignee of Freight.**

Such claim agent may bind his company by a promise to a consignee of freight that if the consignee will accept the goods and put in his claim for damages, such damage

as has been actually sustained by reason of the bad condition of the goods so shipped will be allowed by him as against his company.

### 3. Same.

When a shipment of freight arrives at its destination in bad condition and the railway company by authority from its claim agent induces the consignee to accept the goods in their damaged condition on the promise that his claim for actual damages will be settled on its merits, the railway company thereby accepts the liability and is bound to the consignee to pay whatever actual loss he may sustain by reason of the damaged condition of the goods.

### 4. Same—Action for Damages — Issues—Evidence.

When a person purchases from other parties a consignment of goods which are, by the railway company, designated as perishable freight, and such goods arrive at their destination in bad condition, and the only issues presented by the bill of particulars are the defendant's promise to pay whatever damage was actually sustained by reason of the damaged condition of the goods and the amount of such damage, it is not error to exclude evidence offered by the defendant tending to prove the condition of the goods at the time of shipment or at the time the goods were received on its carrying lines.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by R. J. Burke against the Chicago, Rock Island & Pacific Railway Company to recover damages sustained by reason of shipment of freight arriving in bad condition. Judgment for the plaintiff, and defendant appeals. Affirmed.

C. O. Blake, Abernathy & Howell, W. R. Bleakmore, R. A. Tolbert, and Roy St. Lewis, for plaintiff in error.

Goode & Dierker, for defendant in error.

MILLER, J. This action was commenced in the justice court of D. P. Sparks, a justice of the peace of Shawnee township in Pottawatomie county, by R. J. Burke against the Chicago, Rock Island & Pacific Railway Company, a corporation, to recover damages sustained by reason of two cars of potatoes that were shipped to the plaintiff and which arrived in bad condition. The defendant railway company was a connecting carrier, and delivered the potatoes at their destination. Judgment was taken by default in the justice court, and the defendant appealed to the superior court of Pottawatomie county. The case was tried to a jury, which resulted in a verdict in favor of the plaintiff for $50, and judgment was rendered against the defendant on the verdict. The defendant filed its motion for a new trial, which was overruled, and perfected this appeal. For convenience,

the parties will be referred to as they appeared in the court below.

The railway company complains that the trial court erred in overruling its motion for a new trial, and then sets up three specifications of error as follows:

(1) Its demurrer to the evidence should have been sustained.

(2) It should have been permitted to prove, as it attempted, that any injury to the shipments in question occurred before same were received by it, and to present its theory in other respects.

(3) The jury should have been instructed to return a verdict for defendant, as requested by it.

There is very little dispute about the facts in this case. The potatoes were purchased by the plaintiff of D. E. Ryan & Company, Jobbers, Minneapolis, Minnesota, and shipped on or about December 4, 1914. The bill of particulars alleges that when the cars of potatoes arrived at Shawnee he examined their condition and found some of them were frozen, that the potatoes in the sacks would have to be sorted, and he refused to receive the potatoes and wired D. E. Ryan & Company to this effect, offering, however, that if they would stand $100 damage, he would accept the potatoes. That while these negotiations were in progress, T. J. Amos, agent of the defendant at Shawnee, called the plaintiff over the telephone and told him he had a wire from the railway company's claim agent, asking him to accept the two cars of potatoes, put in his claim, and the company would allow whatever the damage amounted to. That relying upon this statement of the agent, the plaintiff accepted the potatoes, had them sorted, kept a strict account of the damaged potatoes and the expenses of sorting them. That these items of damage amounted to $118.40.

The defendant did not file a bill of particulars, either in the justice court or in the superior court. It therefore claims that on the trial of the case it had a right to set up any defense it might have. It offered to prove that the potatoes were in no worse condition when delivered to the plaintiff than when it received the potatoes from the other carrying line, or when the potatoes were loaded in Minnesota. This evidence was objected to, and the objection sustained. This was neither an issue nor a defense in the case. The only issues presented by the petition were whether or not the agent had promised that the railway company would be responsible for the actual damages sustained, and whether or not this promise was binding on the company, and the amount of the damages. The

trial court did not commit error in excluding the proffered testimony.

The remaining specifications of error, Nos. 1 and 3, that defendant's demurrer to the evidence should have been sustained and the jury should have been instructed to return a verdict for defendant as requested by it, will be considered together. This goes to the question of liability under the alleged promise.

The defendant placed its agent, Mr. Amos, on the stand. He testified that he did not have authority to make settlement where the amount of damages exceeded $50, and in no case did he have authority to make settlement on claims for damage to livestock or perishable freight; that all such claims for damage had to be presented to the claim agent. Defendant then cites a large list of authorities to the effect that the local station agent cannot bind his company by any promise such agent may make to settle damage claims against the company. These authorities have no application here, and we are not expressing any opinion as to the extent the company might be liable for the promises of its local agent.

The plaintiff testified that he ceased the negotiations with Ryan & Company after being assured by the agent that the claim agent of the defendant company would allow his claim for damages. He testified that the agent, Amos, told him he had a wire from the claim agent asking him to receive the potatoes and that the claim agent would allow his claim for damages. He afterwards went to Amos and was given a copy of the wire, and this was offered in evidence as plaintiff's Exhibit "D," and reads as follows:

"Plaintiff's Exhibit D.
"Chicago, Ill., Dec. 17th, 1914.
"Agent,
"Shawnee, Okla.
"Wire 16th, MKT 3229 spuds advise date car arrived. Consignee should accept and file claim for actual damages which will be settled on its merits advise. R. C. 48820
"W. C. Bunger,
"225 PM."

While this wire only refers to one car of potatoes, plaintiff's conversation with the agent referred to each of the cars, and from his testimony it is clear he understood both cars were to be adjusted on the same basis. However, there is evidence tending to prove the damage sustained on the car specified in the wire amounted to $62.40, which was in excess of the amount of damage allowed by the jury.

There is no question but that the claim agent had authority to bind his company in the settlement of this claim. The plaintiff was not relying upon the authority of Amos as local agent, but upon the statement made by the local agent that he had a wire from the claim agent that the claim agent would allow it. This was corroborated by the telegram. Under this state of facts, the company was bound by the promise of its claim agent, and the only other question for the jury to determine was the amount of damage the plaintiff had sustained. Under the evidence, we cannot understand why the jury limited the amount of recovery to $50, unless it proceeded under the erroneous theory that, as only one car was specified in the telegram, the defendant company would not be liable for damages sustained to the other car of potatoes. However, plaintiff did not file a cross-petition in error, or cross-appeal. There was evidence tending to support the verdict of the jury on all the issues presented.

It is suggested by the defendant company that there is no consideration for this promise, but this is not seriously contended for, and if it were there would be no merit in such a contention. The plaintiff, under this promise, accepted the potatoes and relieved the railway company from any further duty to care for them or liability that might occur by freezing or otherwise, and this was sufficient consideration to support the promise.

The judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, McNEILL, ELTING, and KENNAMER, JJ., concur.